# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| OPERATIVE PLASTERERS AND CEMENT MASONS AREA 12 OF LOCAL 18 PENSION FUND, et. al., | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 10-cv-1174 |
| v. | ) ) | |
| SAMMY L. HOBSON JR. and EPIC CONSTRUCTION SERVICES, INC., | ) ) ) | |
| Defendants. | ) ) ) | |

## O R D E R  &  O P I N I O N

This matter is before the court on Plaintiffs' Motion for Default Judgment. (Doc. 11). Responses to this Motion were due on October 21, 2010; none were filed. For the reasons stated below, Plaintiffs' Motion for Default Judgment is GRANTED.

### DISCUSSION[1]

This action was brought pursuant to the Labor Management Relations Act, as amended, 29 U.S.C. § 185(a), and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et. seq., in particular 29 U.S.C. § 1145, in order to recover employer contributions owed to Plaintiffs. Plaintiffs administer

---

[1] Unless otherwise noted, all factual information is drawn from Plaintiffs' Complaint (Doc. 1). Upon a defendant's default in federal court, the well-pleaded facts relating to liability in a Complaint are taken as true. *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983). FED. R. CIV. PRO. 8(b)(6). Default was entered in this matter on September 27, 2010. Therefore, the allegations of the Complaint are deemed to be true.

employee benefit funds on behalf of members of the Operative Plasterers and Cement Masons International Association, Local No. 18 ("Local No. 18"), pursuant to a Collective Bargaining Agreement ("Agreement") between Local No. 18 and Defendants. The Agreement obligates Defendants to make fringe benefit contributions to Plaintiffs' employee benefit funds. In the event that contributions are not timely made in accordance with the terms and conditions of the Agreement, Defendants are required to pay liquidated damages.

Following an authorized audit performed to ensure full payment by Defendants, Plaintiffs discovered that the Defendants owe Plaintiffs for the period of January 1, 2006 through December 31, 2008 in the amount of $5,283.75, plus liquidated damages in the amount of $951.08. Plaintiffs made a demand upon Defendants for the audit liability and liquidated damages due, but Defendants failed to satisfy their demand. Accordingly, on June 7, 2010, Plaintiffs brought suit in this Court. Although Defendants have been properly served, they have failed to appear before this Court.[2] On September 27, 2010, this Court entered an Order of Default against Defendants for their failure to answer in a timely manner. (Doc. 10). Subsequently, on October 4, 2010, Plaintiffs filed the instant Motion for Default Judgment. (Doc. 11).

In the instant Motion, Plaintiffs seek judgment in the sum of $5,283.75 for delinquent contributions for the period of January 1, 2006 through December 31, 2008, and in the sum of $951.08 in liquidated damages. (Doc. 11 at 2). In addition,

---

[2] Although Plaintiffs' original motion for default judgment was denied because service was not proper, (Doc. 6), since that time Plaintiffs have properly served notice on the Defendants.

Plaintiffs ask for any unpaid contributions and liquidated damages that are unpaid on the date this Judgment is rendered. Finally, Plaintiffs seek attorneys' fees incurred in this case in the amount of $2,587.12. (Doc. 11 at 2).

"A judgment by default may not be entered without a hearing on damages unless . . . the amount claimed is liquidated or capable of ascertainment from definite figures contained in documentary evidence." *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). Here, Plaintiffs' damages are based upon definite figures ascertained from the audit performed by Piotrowski & Geibis on May 13, 2009. (Doc. 1 Exhb. 5). Further, Plaintiffs' request for attorneys' fees is based upon the Affadavit of James P. Moody which states that he spent 4.9 hours working on this matter at a rate of $195.00 per hour, that a paralegal spent 13.5 hours working at a rate of $90.00 per hour, and that Plaintiffs advanced $416.62 in costs. (Doc. 11 Exhb. 1). Because these amounts claimed are ascertainable from definite figures contained in documentary evidence, it is not necessary for the Court to hold an evidentiary hearing.[3]

## Conclusion

For the foregoing reasons, Plaintiffs' Motion for Default Judgment is GRANTED. The Clerk is DIRECTED to ENTER JUDGMENT in favor of Plaintiffs and against Defendants in the amount of $5,283.75 for delinquent contributions for the period of January 1, 2006 through December 31, 2008, in the sum of $951.08 in

---

[3] To the extent Plaintiffs sought any additional unpaid contributions or liquidated damages, they have failed to make any showing that such damages exist, or to what extent. Further, the proposed order presented by Plaintiffs to the Court makes no mention of any such additional damages. (Doc. 11-3). Accordingly, the award will be limited to those amounts that are based upon definite figures placed before the Court.

3

liquidated damages, and in the sum of $2,587.12 for Plaintiffs' attorneys' fees and costs incurred in the prosecution of this case. IT IS SO ORDERED.

CASE TERMINATED.

Entered this <u>26th</u> day of October, 2010.

                                                    s/ Joe B. McDade
                                              JOE BILLY McDADE
                                    United States Senior District Judge